IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW G. WYMAN, | ) | CASE NO.:   1:09 CV 1851 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| PARK VIEW FEDERAL SAVINGS BANK, et al., | ) | <u>MEMORANDUM OPINION</u><br><u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. (ECF # 10.)  For the reasons set forth below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

On November 6, 2009, Plaintiff filed a one-count Amended Complaint against Defendants Park View Federal Savings Bank ("PVF") and PVF Title Services, LLC ("PVF Title").  (ECF # 11.)  In the Complaint, Plaintiff alleges that PVF, a mortgage lender, "routinely and habitually refers its borrowers to PVF Title for the purpose of obtaining settlement services incident to the closing of federally related mortgage loans. . . ."  (*Id.* at ¶ 40.)  Plaintiff claims that PVF's referral to PVF Title violates Section 8 of the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. § 2607(a) and 24 C.F.R. § 3500.14, because PVF and PVF Title have an affiliated business arrangement and fail to comply with all of the conditions set forth in 12 U.S.C. § 2607(c)(4) and HUD Regulation X at 24 C.F.R. § 3500.15.  (*Id.* at ¶ 41.)  Plaintiff attempts to bring this action on behalf of himself and a putative class of individuals who: (a) applied for a federally related mortgage loan from PVF, which loan was approved, funded and settled in the ordinary course; (b) in connection with such loan was referred by PVF to PVF Title

for purposes of obtaining settlement services; (c) was required by PVF to use PVF Title for settlement services related to the loan; and (d) paid settlement service charges to PVF Title in connection with the loan settlement occurring within the applicable statute of limitations.  (*Id*. at ¶ 19.)

On October 27, 2009, Plaintiff filed a Motion for Partial Summary Judgment, requesting that this Court grant judgment in his favor "on the issue of 'required use' and defendants' failure to comply with the affiliated business arrangement exemption to liability under [S]ection 8(a) of the Real Estate Settlement Practices Act, 12 U.S.C. § 2607(a)."  (ECF # 10 at 1.)  Stated differently, Plaintiff alleges that "there are no genuine issues concerning the fact that [PVF] required Plaintiff to purchase title insurance from [PVF Title] and therefore Plaintiff is entitled to partial summary judgment in his favor as a matter of law."  (*Id.*)

Defendant PVF filed a Brief in Opposition to Plaintiff's Motion on November 25, 2009.  (ECF # 20.)  Defendant PVF Title likewise filed a Brief in Opposition to Plaintiff's Motion on December 1, 2009.  (ECF # 21.)  On December 4, 2009, PVF filed a Supplemental Brief in Opposition to Plaintiff's Motion, "[b]ased upon confusion at the Case Management Conference on November 30, 2009 concerning the ABA Disclosure Statement and the GFE. . . ."  (ECF # 24.)  Finally, on December 4, 2009, Plaintiff filed a Reply in Support of his Motion.  (ECF # 25.)  Thus, the Motion has been briefed fully and is now ripe for consideration.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue"

rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the

higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.  *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.  It is with this standard in mind that the instant Motion must be decided.

### III. DISCUSSION

At issue in this case is an alleged violation of Section 8(a) of RESPA, which prohibits the award of kickbacks or fees for the referral of a settlement service involving a federally related mortgage loan.  RESPA, § 8(a); 12 U.S.C. § 2607(a).  More specifically, Section 8(a) provides that:

> no person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident

-5-

> to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

*See id.* There is a limited exception to this rule, however, that applies to "affiliated business arrangements," in which an entity that is in a position to refer business either owns part of or is affiliated with a settlement service provider. RESPA, § 8(c)(4); 12 U.S.C. § 2607(c)(4).

> RESPA defines affiliated business arrangements as:
>
> an arrangement in which (A) a person who is in a position to refer business incident to or a part of a real estate settlement service involving a federally related mortgage loan, or an associate of such person, has either an affiliate relationship with or a direct or beneficial ownership interest of more than 1 percent in a provider of settlement services; and (B) either of such persons directly or indirectly refers such business to that provider or affirmatively influences the selection of that provider.

12 U.S.C. § 2602(7). RESPA provides that a referral of an affiliated business arrangement is not prohibited if (1) a disclosure is made of the existence of the affiliated business relationship to the person referred and such person is provided with a written estimate of the charge or range of charges generally made by the provider to which the person is referred; (2) such person is not required to use any particular provider of settlement services; and (3) the only thing of value that is received form the arrangement is a return on the ownership interest or franchise relationship. *See* 12 U.S.C. § 2607(c)(4). Finally, the provider of settlement services must be a "bona fide provider" of such services. *See* HUD Statement of Policy 1996-2, Regarding Sham Controlled Business Arrangements, 61 Fed. Reg. 29258 (June 7, 1996).

In his Motion for Summary Judgment, Plaintiff moves for summary judgment solely on the issue of "required use." (ECF # 10 at 1.) Plaintiff contends that PVF and PVF Title are "affiliates," seeking to avoid Section 8(a) liability by qualifying for the safe harbor provision outlined in Section 8(c)(4) of RESPA. (*Id.* at 2.) Plaintiff argues that the safe harbor provision

-6-

is inapplicable, however, because PVF required him to use PVF Title for settlement services, in violation of 12 U.S.C. § 2607(c)(4)(B). (*Id.* at 3.)

"Required use" is defined, in pertinent part, as "a situation in which a person must use a particular provider of settlement service in order to have access to some distinct service or property, and the person will pay for the settlement service of the particular provider or will pay a charge attributable, in whole or in part, to the settlement service." 24 C.F.R. § 3500.2. Here, Plaintiff is entitled to summary judgment on this issue only if he able to demonstrate that, as a condition of obtaining his mortgage, PVF required him to use PVF Title as his settlement service provider. *See id.* Accordingly, Plaintiff must demonstrate that there are no genuine issues concerning the fact that PVF required him to purchase title insurance from PVF Title. *See id.*

Upon a thorough review of the record, the Court finds that Plaintiff is unable to satisfy this burden. The affidavit of Anne Johnson, the Senior Vice President of PVF, supports Defendants' position that PVF did not require Plaintiff to use PVF Title as a condition for the loan. (ECF # 20, Ex. 1.) In addition, the affiliated business arrangement disclosure provided to and signed by Plaintiff explicitly states that he was not required to use PVF Title. (*Id.*) Based upon this evidence, there is, at the very least, a genuine issue of material fact concerning whether PVF required Plaintiff to use PVF Title. On this basis, Plaintiff's Motion for Summary Judgment is DENIED.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment on the issue of required use is DENIED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 29, 2010